**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50380 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00380-BEN |
| v. | |
| DIEGO HERRERA-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 26, 2012 [**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Diego Herrera-Lopez appeals from the 87-month sentence imposed

following his guilty-plea conviction for being an illegal alien in possession of a

firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2);

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Herrera-Lopez first contends that the district court violated his due process rights by applying the two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) without determining whether he knew the firearm was stolen. Because the enhancement applies regardless of whether Herrera-Lopez knew or had reason to believe that the firearm was stolen, the district court did not err. *See* U.S.S.G. § 2K2.1(b)(4)(A) cmt. n.8(B); *United States v. Ellsworth*, 456 F.3d 1146, 1150-51 (9th Cir. 2006). Likewise, the district court did not violate Federal Rule of Criminal Procedure 32 by failing to resolve the question whether Herrera-Lopez knew the firearm was stolen, nor was Herrera-Lopez entitled to an evidentiary hearing regarding this issue. *See United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007) (Rule 32 "is limited to factual disputes which affect the temporal term of the sentence the district court imposes"); *United States v. Real-Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996) ("There is no general right to an evidentiary hearing at sentencing.").

Herrera-Lopez also contends that the district court's failure to resolve the factual dispute regarding his knowledge that the gun was stolen violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This argument is without merit. *See United*

*States v. Hernandez-Guardado*, 228 F.3d 1017, 1027 (9th Cir. 2000).

Herrera-Lopez next contends that the district court erred by denying a minor role reduction under U.S.S.G. § 3B1.2. The district court did not clearly err in determining that Herrera-Lopez was not a minor participant. *See United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006).

Herrera-Lopez finally contends that the district court procedurally erred by applying a presumption of reasonableness to the within-Guidelines sentence. This contention is not supported by the record. To the extent that Herrera-Lopez challenges his sentence as being substantively unreasonable, the sentence at the bottom of the advisory Sentencing Guidelines range is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**